ADVANTAGE LEGAL SERVICES
Stephen A. Meikle, Attorney, P.A.
sammeikle@mns.com
Idaho State Bar No. 2976
Idaho Professional Building
482 Constitution Way - Suite 203
Post Office Box 51137
Idaho Falls, Idaho 83405-1137
Telephone (208) 524-3333
Fax No. (208) 524-6199
Attorney for Plaintiff

IN THE UNITED STATED DISTRICT COURT
OF THE DISTRICT OF IDAHO

| | |
|---|---|
| TRINA K. CLEGG, | ) |
| Plaintiff, | ) Case No: |
| vs. | ) |
| CITY OF RIGBY, RIGBY POLICE DEPARTMENT, BRAD TINSLEY individually and as an officer of RIGBY POLICE DEPARTMENT and JOHN DOES 1-10, | ) VERIFIED COMPLAINT |
| Defendants. | ) |

COMES NOW, the plaintiff, Trina K. Clegg, by and through her attorney of record, Stephen A. Meikle, and for cause of action against the City of Rigby, Rigby Police Department, Brad Tinsley, individually and as an officer of RPD, and John Does 1-10 and claims as follows:

## I.
## JURISDICTION AND CONSTITUTIONAL INTERESTS

1. The Court has jurisdiction over the subject matter of these claims pursuant to Title 28 United States Code ("USC") §§1331, 1343 and 1367.

2. Venue of this suit lies in the United States District Court for the District of Idaho as the incidents in this matter occurred in Jefferson County, Idaho.

3. This action arises first under the United States Constitution, particularly under provisions of the Fifth and Fourteenth Amendment to the Constitution and under federal law, particularly Title 42 U.S.C. §1983 in that (a) defendants, City of Rigby, including the Rigby Police Department (RPD), Officer Brad Tinsley and John Does 1-10 were city employees holding

positions in government as officers under the color of law; and (b) plaintiff has constitutionally protected interests in her liberty and property.

4. The acts of the defendants alleged herein to be in violation of Title 42 U.S.C. § 1983 were deliberately undertaken and ratified by the defendants and each of them, individually and under color of the statutes, ordinances, regulations, policies, customs and usages of defendants and under the authority of their offices as employees of the City of Rigby.

5. The acts of the defendants are in violation of the laws of the State of Idaho, and the district court has ancillary/supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## II.
## PARTIES

6. This action is brought by the plaintiff, Trina K. Clegg, an individual who resides in Idaho Falls, Bonneville County, State of Idaho and has lived there for 32 years.

7. Defendant, City of Rigby, is a government entity, political subdivision of the State of Idaho known as the City of Rigby and whose operations primarily originate from Rigby, in the State of Idaho, County of Jefferson. The Rigby Police Department (RPD) is operated by the City of Rigby.

8. Defendant, Officer Brad Tinsley is an individual and police officer who resides in Bonneville County, Idaho and is an employee or agent of the City of Rigby Police Department (RPD).

9. Defendants John Doe 1-10 are unknown individuals, supervisors, managers, agents, officers, and/or business entities which may bear liability, but are not yet identified, by may become identified through the discovery process.

## III.
## STATEMENT OF FACTS

10. Plaintiff realleges paragraphs one through nine in this verified complaint and incorporates them here as if set forth in full.

11. On the 11th day of October, 2017, City of Rigby through the Rigby Police

Department and it's Officer Tinsley while acting in the course and scope of his employment intentionally, recklessly and willfully arrested Trina Clegg without probable cause or any evidence that she committed any crime. Officer Tinsley handcuffed and arrested her inside Tadd Jenkin's Chevrolet repair shop full of people and then proceeded to parade her through the shop and outside the shop next to his patrol car where he search her with his hands, touching the bottoms of her breasts, placing his hands around the sides of her breasts and then literally gripping her breasts.

12. During the arrest, Officer Tinsley was informed by the plaintiff that she had broken her right had and just had surgery on it, he grabbed her right hand forcing it behind her back, continuing to apply pressure on it.

13. Officer Tinsley took Mrs. Clegg to an interrogation room at the Jefferson County Jail where she was not free to leave. She was interrogated and her unlawful detention continued. She was moved to a bench and held her under arrest for two to two and a half hours.

14. Rigby Police Department later confiscated and failed to return two computer tablets, containing irreplaceable family photos, not all of which were listed in the warrant served by the Rigby Police Department and Bonneville County Sheriff's department.

15. Mrs. Clegg did not have knowledge that someone had concealed substances insider the air filter box in the vehicles which she had recently purchased from Tadd Jenkins Chevrolet, which turned out to be a rental/lease vehicle which came from Enterprise in Nogales, Arizona. The car dealership did not inspect or service the vehicle before it was delivered to Mrs. Clegg so she was given a coupon to return for it's first service. The vehicle was not running properly causing Mrs. Clegg to have it towed to the dealership for repairs. The dealership employees found controlled substances in the air filter box.

16. Prior to arrest, this information could easily have been obtained to the Rigby City Police Department, Idaho State Police Department and the Drug Enforcement Agency by interviewing Mrs. Clegg first and the dealership to learn the history of the vehicle as a rental care and that plaintiff was not aware there were controlled substances in her newly purchased vehicle. Plaintiff provided a notice of tort claim to City of Rigby under state law on the 30th day of

March, 2018.

## IV.
## COUNT I
## BATTERY

17. Plaintiff realleges paragraphs one through sixteen in this verified complaint and incorporates them here as if set forth in full.

18. Defendant, Officer Brad Tinsley owed the duty to every person in our society to use reasonable care to avoid injury to the other person in any situation in which it could be reasonably anticipated or foreseen that a failure to use such care might result in such injury.

19. Defendant, Officer Brad Tinsley owed a duty to the plaintiff to conduct police business, or duties with due caution, prudence and circumspection and duty not to (a) wilfully or unlawfully use force or violence upon the person of another or (b) actually, intentionally, and unlawfully touch another person against the will of the other or ( c) unlawfully and intentionally cause bodily harm to an individual.

20. Defendant, City of Rigby owed a duty to plaintiff to train and supervise their agents, to ensure they acted with due caution, prudence and circumspection and not to (a) wilfully or unlawfully use force or violence upon the person of another or (b) actually, intentionally, and unlawfully touch another person against the will of the other or ( c) unlawfully and intentionally cause bodily harm to an individual.

21. RPD Office Brad Tinsley breached his duty of care as described in paragraphs 17, 18 and 19. Defendants, City of Rigby and Rigby Police Department are responsible and liable for the actions of their agents, officers and representatives.

22. Plaintiff suffered daily bruising type of pain as well as gross humiliation, offense, extreme upset, severe emotional distress, nightmares, frequent sleep interruption, overwhelming anxiety, and intrusive memories of the pain of humiliation of that day.

23. As a direct and proximate result of the defendants' battery on plaintiff, plaintiff suffered loss of liberty, and suffered, and will continue to suffer, mental anguish, discomfort and other anxieties for which the actors are liable for general damages in a reasonable sum.

24. As a further direct and proximate result of the defendants' battery on plaintiff, as aforesaid, plaintiff has incurred economic losses, including but not limited to, lost income, and has otherwise incurred losses, expenses and costs, and the defendants are liable for special damages in a reasonable sum, together with such other expenses and costs as may be incurred hereafter.

25. As a further direct and proximate result of the defendants' battery on plaintiff, as aforesaid, plaintiff has incurred attorney's fees, litigation expenses and taxable costs, all to her damage in a reasonable sum, together with such other attorney's fees, litigation expenses and taxable costs as may be incurred hereafter.

## V.
## COUNT II
## FALSE IMPRISONMENT

26. Plaintiff realleges paragraphs one through twenty-five in this verified complaint and incorporates them herein as if set forth in full.

27. Defendants acted unlawfully to violate the personal liberty of the plaintiff by intentionally and recklessly arresting her without probable cause.

28. The actions and omissions of the defendants, resulted in the deprivation of plaintiff's property and liberty interests without due process of law in violation of her constitutional rights, privileges and immunities as guaranteed by the Constitution of the United States and more particularly, the 5th and 14th Amendments to the Constitution of the United States.

29. As a direct and proximate result of the defendants' false imprisonment of plaintiff, plaintiff suffered loss of liberty, and suffered, and will continue to suffer, mental anguish, discomfort and other anxieties for which the actors are liable for general damages in a reasonable sum.

30. As a further direct and proximate result of the defendants' false imprisonment of plaintiff, as aforesaid, plaintiff has incurred economic losses, including but not limited to, lost income, and has otherwise incurred losses, expenses and costs, and the defendants are liable for special damages in a reasonable sum, together with such other expenses and costs as may be

incurred hereafter.

31. As a further direct and proximate result of the defendants' false imprisonment of plaintiff, as aforesaid, plaintiff has incurred attorney's fees, litigation expenses and taxable costs, all to her damage in a reasonable sum, together with such other attorney's fees, litigation expenses and taxable costs as may be incurred hereafter.

## VI.
## COUNT III
## VIOLATION OF CIVIL RIGHTS

32. Plaintiff realleges paragraphs one through thirty-one in this verified complaint and incorporates them here as if set forth in full.

33. The actions and omissions of the defendants' false imprisonment and battery on plaintiff in violation of her constitutional rights, privileges and immunities as guaranteed by the Constitution of the United States and more particularly, the Fifth and Fourteenth Amendments to the Constitution of the United States.

34. As a direct and proximate result of defendants' violation of plaintiff's constitutional rights, privileges and immunities, as aforesaid, plaintiff suffered loss of liberty, and suffered, and will continue to suffer, mental anguish, discomfort and other anxieties for which the actors are liable for general damages in a reasonable sum.

35. As a further direct and proximate result of the defendants' violation of plaintiff's constitutional rights, privileges and immunities, as aforesaid, plaintiff has incurred economic losses, including but not limited to, lost income, and has otherwise incurred losses, expenses and costs, and the defendants are liable for special damages in a reasonable sum, together with such other expenses and costs as may be incurred hereafter.

36. As a further direct and proximate result of the defendants' violation of plaintiff's constitutional rights, privileges and immunities, as aforesaid, plaintiff has incurred attorney's fees, litigation expenses and taxable costs, all to her damage in a reasonable sum, together with such other attorney's fees, litigation expenses and taxable costs as may be incurred hereafter.

## VII.
## PRAYER FOR RELIEF

Because defendants have engaged in the acts and practices described above, defendants have violated the law as alleged in this verified complaint and defendants have caused injury, loss and damages to the plaintiff, for which the plaintiff must be made whole.

WHEREFORE, plaintiff, Trina K Clegg, prays that defendants be cited according to law to appear and answer herein.

37. In addition, plaintiff respectfully prays that this court adjudge against defendants civil penalties on each cause of action in favor of the plaintiff as follows:

   a. For statutory damages in excess of $75,000.00;

   b. For special damages in a reasonable sum for past and future medical expenses relating to plaintiff's physical damages;

   c. For general damages in a reasonable sum for humiliation, extreme emotional distress and treatment costs;

   d. For special damages in a reasonable sum for economic loss as set forth herein;

   e. For punitive damages in a reasonable sum for past and future lost wages;

   f. For reasonable attorney's fees, litigation expenses and taxable costs;

   g. For such other and further relief as the court may deem proper and to which the plaintiff may show itself entitled.

## VIII.
## DEMAND FOR JURY TRIAL

The plaintiff pursuant to U.S. Constitution Amendment VII and Federal Rules of Civil Procedure Rule 38, herewith respectfully demands a trial by jury on the facts alleged and the damages prayed for in the verified complaint filed in the case referenced above.

DATED this ____ day of October, 2019.

_____
Stephen A. Meikle
Attorney for Plaintiff

STATE OF IDAHO      )
                    ) ss.
County of Bonneville )

Trina K. Clegg, being first duly sworn, deposes and says:

That she is the Plaintiff in the above-entitled action, and that she has read the foregoing document, knows the contents thereof, and believes that the facts stated herein are true and correct to the best of her knowledge and belief.

_____
Trina K. Clegg

SUBSCRIBED AND SWORN to before me this ___9th___ day of October, 2019.

_____
Notary Public for Idaho
Residing in: Idaho Falls
Commission expires: 5-19-23

RACHELLE C. WINN
COMMISSION NO. 30697
NOTARY PUBLIC
STATE OF IDAHO
MY COMMISSION EXPIRES 05/19/23